UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NATHAN A. GROSS,

    Plaintiff,

vs.                                        Case No.:  3:24-CV-201

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

Plaintiff, NATHAN A. GROSS (hereinafter "Plaintiff") files this complaint against Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter "HARTFORD"), and alleges as follows:

### JURISDICTION

1. This is a civil action brought pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et. seq. for a denied claim for Long Term Disability (LTD) benefits under an employee welfare benefit plan sponsored by Polynt Composites USA, Inc. ("the Employer") through an LTD policy of insurance issued by

HARTFORD (hereafter the "Plan" or the "Policy"). A copy of the LTD Policy is attached as **Exhibit A.**

2. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

3. This Court has personal jurisdiction over the Defendant, and venue in this judicial district for this action is proper pursuant to 28 U.S.C. § 1391(b) and (c) and 29 U.S. C. § 1132(e)(2).

4. At all times material, Defendant HARTFORD was a foreign corporation that was engaging in business within the State of Florida, including Escambia County, Florida.

5. At all times material, Plaintiff was a Participant in and a Beneficiary of the LTD Plan.

## BACKGROUND FACTS

6. On April 9, 2007, Plaintiff began working for the Employer as a "mechanic" within the jurisdiction of this Court. Plaintiff was engaged in active full-time employment as defined by the Plan. The Employer established an employee benefits plan which provided its employees benefits, including Long Term Disability (LTD) benefits.

7. On or about November 15, 2020, Plaintiff became Disabled as defined by the Policy. Plaintiff was no longer capable of performing the Essential Duties of his Occupation or any Occupation as defined by the Policy, due to sickness or accidental bodily injury. Since or about November 15, 2020, and continuing, Plaintiff has remained incapable of performing the Essential Duties of his Occupation or any Occupation as defined by the Policy, due to sickness or accidental bodily injury.

8. At all times material, Plaintiff was under the regular and appropriate care of medical doctors who have restricted Plaintiff from working due to his medical conditions.

9. Plaintiff submitted a claim for LTD benefits which Defendant, HARTFORD, approved and paid from November 17, 2020, through November 16, 2022.

10. Defendant has improperly refused to pay LTD benefits from the period November 17, 2022, through the date of filing this Complaint.

11. As a result of Defendant's wrongful denial of plan benefits, Plaintiff retained the undersigned attorney and is obligated to pay a reasonable attorney fee and pay costs of prosecuting this action.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Defendant HARTFORD has made all benefit determinations and was the entity who has denied Plaintiff's claim for benefits.

13. Defendant HARTFORD is also the same entity who is liable for benefits due under the LTD policy and pays the same with its own assets.

14. Defendant HARTFORD profits from not paying valid claims and it has an inherent conflict of interest when determining its own liability under the LTD policy.

15. On or about November 17, 2022, Defendant terminated Plaintiff's LTD benefits, claiming that although he met the definition of disability from November 17, 2020, through November 16, 2022, on November 17, 2022, he ceased to be disabled.

16. Plaintiff timely requested an appeal of the denial of LTD benefits, and thereafter, provided additional medical proof from Plaintiff's treating doctors that Plaintiff was Disabled pursuant to the Policy.

17. On August 15, 2023, Defendant HARTFORD denied Plaintiff's claim for long term disability benefits and upheld its prior decision.

18. Plaintiff has satisfied all conditions precedent to filing suit and maintaining suit, including exhaustion of all administrative remedies.

19.  Plaintiff has not received income replacement benefits since November 17, 2022, and has been harmed by Defendant's delay and by Defendant's wrongful denial of benefits.

20.  Plaintiff is Disabled under the terms of the LTD Plan and has submitted evidence of his disability as required by the LTD Plan.

## FAILURE TO PROVIDE LONG TERM DISABILITY BENEFITS

21.  Plaintiff is Disabled under the LTD policy and is entitled to LTD benefits.

22.  Defendant HARTFORD has refused or failed to honor the terms of the LTD policy by refusing to pay Plaintiff LTD benefits beyond November 17, 2022.

23.  Plaintiff continues to suffer from physical disease, sickness, or injuries which render him Disabled as defined by the LTD policy and he continues to be totally Disabled.

24.  Defendant HARTFORD's claim denial was arbitrary and capricious because it was neither reasonable nor rational; not the product of deliberate, principled reasoning; not supported by substantial evidence; and is influenced by its own economic self-interest.

**WHEREFORE** Plaintiff prays for judgment entered in his favor for LTD benefits which are due to Plaintiff from November 17, 2022, and continuing; prejudgment interest at the rate established by Fla. Stat. §55.03 for each weekly benefit from the date it was due until the date it was paid; reasonable attorney's fees and costs incurred in maintaining this action; and such other relief as this Court deems just and proper, including but not limited to: A declaration that Plaintiff's same claim for LTD benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits.

DATED this 7th day of May 2024.

_s/ Stephanie A. Taylor_
Stephanie A. Taylor
Florida Bar No. 0984541
Taylor, Warren, Weidner & Hancock, P.A.
1700 West Main Street, Suite 100
Pensacola, FL 32502
Tel: 850-438-4899
Fax: 850-438-4044
Primary: staylor@twwlawfirm.com
Secondary: lrohan@twwlawfirm.com
Attorneys for Plaintiff
